ing the witnesses and considering the testimony, remanded him to custody.

We have read the record and the facts carefully, and have reached the conclusion that the trial court was correct in refusing bail. A statement of the facts and reasons for our conclusion from the testimony will not be given. The case is to be tried before a jury, and, following the rule of the court, a discussion of the facts is pretermitted. This permits the case to go before the jury without any expressed view of this court with reference to the value, force, and weight of the testimony.

Believing the court was correct in refusing bail, the judgment will be affirmed.

BRADFORD v. STATE. (No. 5434.)

(Court of Criminal Appeals of Texas. Oct. 15, 1919.)

CRIMINAL LAW ⬤⟞511(1)—EVIDENCE OF ACCOMPLICE CORROBORATED SUFFICIENTLY.

In a prosecution for incest, evidence of accomplice *held* sufficiently corroborated to sustain a conviction.

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

John Bradford was convicted of incest, and he appeals. Affirmed.

E. A. Berry, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of incest with his daughter, his punishment being assessed at ten years' confinement in the penitentiary.

She testified to the incestuous intercourse covering more than a year. She gave birth to a child which she says was the child of her father. She is corroborated sufficiently by the testimony of her sister as to the intimacy of her father with the prosecutrix. The corroboration of her sister, the accomplice witness, is circumstantial, but, in view of the whole record, sufficient. Appellant took the stand and denied the matter, and stated that prosecutrix told him that Foster Ayers was the father of her child. There are other facts in the case of a circumstantial nature to the effect that she did not have beaus, associated with no young men or other male friends; that Foster Ayers did not associate with her, and she lived in the house with her father, and after her older sister married took charge of the house as housekeeper; that her mother had been dead for about seven years. Take the record as a whole, we are of opinion that the accomplice witness is sufficiently corroborated to sustain the verdict of the jury.

The judgment will be affirmed.

WALL v. STATE. (No. 5437.)

(Court of Criminal Appeals of Texas. Oct. 15, 1919.)

CRIMINAL LAW ⬤⟞1090(1)—AFFIRMANCE ON IMPERFECT RECORD.

Where transcript contains neither a statement of facts nor bill of exceptions, there is nothing that the court can review in the condition of the record, and a judgment of conviction will be affirmed.

Appeal from Galveston County Court, at Law; J. C. Canty, Judge.

B. F. Wall was convicted of nonsupport, and he appeals. Affirmed.

E. A. Berry, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of nonsupport of his minor daughter, his punishment being assessed at ten days' imprisonment in the county jail.

The transcript contains neither a statement of facts nor bill of exceptions. There is nothing that the court can review in the condition of this record.

The judgment is affirmed.

SANDERS v. STATE. (No. 5400.)

(Court of Criminal Appeals of Texas. Oct. 15, 1919.)

CRIMINAL LAW ⬤⟞1144(13)—IN ABSENCE OF STATEMENT OF FACTS EVIDENCE PRESUMED SUFFICIENT.

In the absence of a statement of facts, it must be presumed that the evidence was sufficient to sustain the conviction.

Appeal from Criminal District Court, Dallas County; C. F. Pippen, Judge.

George Sanders was convicted of unlawfully selling intoxicating liquors, and he appeals. Affirmed.

E. A. Berry, Asst. Atty. Gen., for the State.

MORROW, J. The conviction was for the offense of unlawfully selling intoxicating liquors in territory in which the sale of such liquors was prohibited under the local option law.

The indictment appears regular. No statement of facts accompanies the record, in the absence of which we must presume evidence sufficient. No bills of exception complaining of errors in the trial are contained in the record.

The judgment is affirmed.

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes